UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 10, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re:  Chris Ann Jaye v. John Hoffman, New Jersey Attorney General, et al.
     Civil Action No. 16-7771 (MAS) (LHG)

Dear Ms. Jaye and Counsel:

    This matter comes before the Court on numerous motions filed by Plaintiff Chris Ann Jaye ("Plaintiff"): (1) Motion for Partial Summary Judgment (ECF No. 16); (2) Motion for Sanctions against Benjamin Bryant, counsel for the State Defendants[1] in this matter (ECF No. 20); (3) Motion for Supplemental Jurisdiction and Stay Over State Cases (ECF No. 30); Motion to Strike (ECF No. 51); Motion to Vacate Denial of Partial Summary Judgment (ECF No. 53); and Motion for Partial Summary Judgment (ECF No. 69). Various defendants filed opposition and Plaintiff filed various replies with respect to each Motion.[2] The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Plaintiff's Motions are DENIED.

    With respect to Plaintiff's two Motions for Partial Summary Judgment, the first Motion is brought against Defendants Hon. Yolanda Ciccone, Hon. Mary Jacobson, and Hon. F. Patrick McManimon (ECF No. 16), and the second Motion is brought against Defendants Hon. Margaret Goodzeit, Hon. Yolanda Ciccone, Hon. Mary Jacobson, Hon. Paul Innes, Hon. Douglas Hurd, and Mary Melfi (ECF No. 69). Currently, however, Defendant Mary Melfi's ("Defendant Melfi") Motion to Vacate Default is pending before the Court, which renders summary judgment premature as it relates to Defendant Melfi. (ECF No. 36.) Similarly, the remaining Defendants implicated by Plaintiff's two Motions for Summary Judgment have filed a Motion to Dismiss, which is pending before the Court. (ECF No. 9.) Summary judgment as it relates to these

---

[1] Defendants John J. Hoffman, Hon. Allison Accurso, Hon. Peter A. Buchsbaum, Hon. Yolanda Ciccone, Hon. Margaret Goodzeit, Hon. Michael Haas, Hon. Douglas Hurd, Hon. Paul Innes, Hon. Mary Jacobson, Hon. Thomas Manahan, Hon. Janetta Marbrey, Hon. F. Patrick McManimon, Hon. Stuart Rabner, Hon. Joseph Yannotti, Ione Curva, Brian Flanagan, Deputy Attorney General Ashley Gagnon, Judith Irizzari, Christopher Koos, Caroline Record, and Brian Wilson (collectively, the "State Defendants").

[2] For purposes of expediency, the Court does not identify each and every responsive submission with respect to each of the Motions.

Defendants is, therefore, also premature. Accordingly, the Court denies Plaintiff's two Motions for Summary Judgment (ECF Nos. 16, 69) as premature.

Next, the Court considers Plaintiff's Motion to Vacate Denial of Partial Summary Judgment. (ECF No. 53.) Plaintiff specifically seeks to vacate the Court's May 2, 2017 Order, which denied Plaintiff's Partial Summary Judgment Motion against Defendant Melfi as premature because Defendant Melfi's Motion to Vacate Default was pending before the Court. (ECF No. 49.) Due to Plaintiff's misinterpretation of the relevant rules of civil procedure, Plaintiff believes that the Court was required to decide the merits of her Motion for Partial Summary Judgment. (Pl.'s Mot. to Vacate, ECF No. 53.) Based on the Court's inherent power to control the matters on its docket, however, the Court appropriately terminated Plaintiff's Motion as premature. Accordingly, Plaintiff's Motion to Vacate Denial of Partial Summary Judgment (ECF No. 53) is denied.

The Court proceeds to consider Plaintiff's Motion for Sanctions against Benjamin Bryant, counsel for the State Defendants in this matter. Plaintiff seeks sanctions against the State Defendants' counsel for alleged misrepresentations, frivolous filings, and other misconduct. (Pl.'s Mot. for Sanctions, ECF No. 20.) Plaintiff, however, merely disagrees with the merits of counsel's submissions and, upon review of the State Defendants' submissions, the Court finds no basis for imposing sanctions. Plaintiff's Motion for Sanctions (ECF No. 20), therefore, is denied.

With respect to Plaintiff's Motion for Supplemental Jurisdiction, Plaintiff asserts that "[s]upplemental jurisdiction is required as a matter of law." (Pl.'s Mot. for Suppl. Juris. & Stay 1-3, ECF No. 30.) Supplemental jurisdiction, however, "is a doctrine of discretion, not of plaintiff's right." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citation omitted). To the extent the issue of supplemental jurisdiction is relevant as it relates to motions filed by the parties, Plaintiff may raise her arguments in submissions with respect to those motions. If appropriate, the Court will consider supplemental jurisdiction at that time. The Court, therefore, denies Plaintiff's Motion for Supplemental Jurisdiction. In connection with this Motion, Plaintiff also seeks a stay of all related state court cases. (Pl.'s Mot. for Suppl. Juris. & Stay 3-4.) Plaintiff, however, previously raised this issue in her application for emergent relief ("TRO Application") (ECF No. 3), which the Court denied (ECF No. 7). For the reasons already set forth by the Court in its prior decision, the Court denies Plaintiff's Motion to Stay State Cases. (ECF No. 30.)

Lastly, the Court considers Plaintiff's Motion to Strike. (ECF No. 51.) Plaintiff seeks to strike the United States of America's (the "Government") Statement of Interest on Behalf of the Hon. Peter G. Sheridan, U.S.D.J. (ECF No. 32.) Motions to strike, however, are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citation omitted). The Court has "considerable discretion" in deciding a Rule 12(f) motion. *Id.* Here, Plaintiff argues that the Government's Statement of Interest does not constitute a proper motion and further argues the merits of the Government's submission. (Pl.'s Mot. to Strike, ECF No. 51.) Upon review, however, the Court finds the Government's Statement of Interest appropriate and pertinent to the action and, accordingly, denies Plaintiff's Motion to Strike. (ECF No. 51.)

For the foregoing reasons, the Court DENIES Plaintiff's Motions. An order consistent with this Letter Opinion will be entered.

                                               s/ Michael A. Shipp
                                               **MICHAEL A. SHIPP**
                                               **UNITED STATES DISTRICT JUDGE**